By the Court, E. Darwin Smith, J.
Upon the findings of the referee upon the facts, it is very clear that the plaintiff has an honest debt against the defendant, for the amount of the note in suit for $200 and interest, and that the same has never in fact been paid.
It is quite clear, also, from the referee’s report of the evidence in the case, that the defendant, dealing with a woman in feeble health, and having got possession of the two notes of $200 and $250, given by him for moneys borrowed in 1863 and 1864, and carried them away against her will and' protest, and • getting up a dispute and altercation with her in respect to an alleged payment of $110 on said notes, which she affirmed had never been made, finally coerced her for the sake of avoiding a legal controversy between relations, into agreeing to receive one-half of such amount, and upon the payment of such sum, procured the receipt of which a copy is above given. The question is, whether a receipt thus obtained against right and the. clear evidence in the case, and the finding of the referee on tlie question of fact, must, in law, operate to discharge the plaintiff’s debt, evidenced by the promissory note in suit in this action.
If the receipt in question was regarded ■ as a mere receipt, it would unquestionably be open to explanation, and would be limited to the subject matter in controversy between the parties at the time it was given—the $110 claimed and denied to be due and unpaid upon the two promissory notes of 1863 and 1864. That controversy or dispute was unquestionably compromised, and *599 the $55 then paid must be considered as received in accord and satisfaction of such claim.
The modern cases in onr own courts have been relaxing more and more the former strict rules in regard to receipts and releases of this kind, and hold them, generally, whatever may be the form or language of the same, open to explanation, and subject to be construed and limited by parol proof of the facts and circumstances to which they relate, and thus prevent them from being used as instruments of fraudj imposition and injustice. To construe the receipt in this case as a contract and release, as matter of law, so as to cut off and hold discharged and released in this case the promissory note in controversy, would be to allow or make it clearly an instrument of palpable injustice and wrong, and to give it a force and effect never intended by the plaintiff, and clearly not within the mutual understanding of the parties. It doubtless is a question of law, what is the true inteipretation of written instruments, as a general proposition, but all such instruments should be construed so as to carry out the intent of the parties ; and when there is room for doubt on this point, the court must look to the circumstances and contemporaneous facts attending the making and execution of such instruments, and take proof in respect to such facts, and interpret the instrument in the light of such facts ; and the question of fact upon such proofs must or may be submitted to a jury. The case of the Illinois Cent. R. R. Co. v. Welch, (4 Am. Rep. and 52 Ill. 183,) illustrates the rule. In that case Welch was a brakeman on the railroad of the company, was injured while in the employ of the company, and gave a receipt for $40, “in full payment and satisfaction, for one month’s time in April, while laid up with injuries received while breaking, and in full satisfaction of all claims, demands, damages and causes of action against said company, hereby forever releasing said company therefrom, as witness his hand and seal.” *600 Being more seriously injured than he supposed, an action was brought for such injuries, when this receipt and release was set up. The court held that the receipt upon its face released the cause of action, but held that if the plaintiff was induced to sign it on the representation that it covered merely his month’s wages, or if he signed it under such a belief, induced by the words or acts of the agent of the defendants, the release would not be a bar; and held that this question should be submitted to the jury. That receipts and releases should be construed in reference to the matter, and general words, “as all claims and demands,” are to be restricted to the subject matter, see McIntyre v. Williamson, (1 Edw. Ch,. 34;) Kirby v. Taylor, (6 John. Ch. 251;) Colburn v. Lansing, (46 Barb. 37;) Filkins v. Whyland, (24 N. Y. 338;) Barker v. Bradley, 42id. 316;) Scovill v. Griffith, (12 id. 509.)
This receipt commences with the words “reckoned and settled.” Now what was reckoned and settled? Certainly nothing but the claim of the plaintiff to the $110 as unpaid, so far as she was concerned in the settlement.
A similar misunderstanding, it appears, existed at the time, with the other parties who signed said receipt, and one half of their respective demands was paid by the defendant, and received at the same time, and the balance relinquished.
The dispute at the time of the giving of the receipt was larger than what related to the plaintiff alone; and next, the words •“ received payment” clearly applied to such demands and the parties who signed such receipt; and as respects the plaintiff, can only relate to the $55 received in discharge of the claim to $110. This was all that was then paid to her. She had no other debt then due. This $200 note now in suit did not fall due till the next spring, and was not then legally demandable. It may be said to have then been not strictly a demand; *601 certainly it was not within the scope and intent of the receipt and of the parties, for nothing was paid on it, or in respect to it.
[Fourth Department, General Term, at Rochester,
April 1, 1873.
Mullin, Talcott and B. JD. Smith, Justices.]
I think the referee should so have found as matter of fact, and given judgment for the plaintiff for the amount of such note and interest.
The judgment should therefore be reversed, and a new trial granted, with costs to abide the event.
Talcott, J., concurred in the result.
Mullin, P. J., did not vote.
New trial granted.